UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CONTEMPORARY DISPLAY LLC | Civil Action No. 1:18-cv-476 |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | PATENT CASE |
| DISH NETWORK CORPORATION and DISH NETWORK L.L.C. | |
| Defendants | |

**DEFENDANT DISH NETWORK CORPORATION'S MOTION TO DISMISS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2), 12(B)(3), AND 12(B)(6)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................1

II. FACTUAL BACKGROUND...................................................................................2

    A. Contemporary Display's First Amended Complaint .................................2

    B. DISH Network Corporation ........................................................................4

III. LEGAL STANDARDS ............................................................................................4

IV. ARGUMENT ............................................................................................................7

    A. The Court Lacks Personal Jurisdiction Over DNC....................................7

        1. The exercise of general personal jurisdiction over DNC would violate due process........................................................................8

        2. Exercising specific personal jurisdiction over DNC would be manifestly unreasonable.................................................................10

    B. Venue Is Improper in this District .............................................................12

        1. DNC does not reside in this District ...........................................12

        2. DNC does not commit acts of infringement or have a regular and established place of business in this District...............................13

    C. The Complaint Fails to State a Claim for Infringement Against DNC.................15

V. CONCLUSION.........................................................................................................16

## TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Alpine View Co. v. Atlas Copco AB*,
  205 F.3d 208 (5th Cir. 2000) ...................................................................................9

*Asahi Metal Indust. Co. v. Superior Court of Cal.*,
  480 U.S. 102 (1987)............................................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................7, 15

*Associated Energy Grp., LLC v. Air Cargo Germany GMBH*,
  24 F. Supp. 3d 602, 607 (S.D. Tex. 2014) ....................................................11, 12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................2, 7, 11

*Board of Regents, The U. of Tex. Sys. et al. v. Medtronic, Inc. et al.*,
  No. 1:17-cv-00942, 2018 WL 4179080 (W.D. Tex. July 19, 2018).....................14

*Borehole Seismic, LLC v. International Oil & Gas Tech. Ltd.*,
  No. H-1S-0613, 2015 WL 4979638 (S.D. Tex. Aug. 19, 2015)...........................16

*BristolMyers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*,
  137 S. Ct. 1773 (2017)...........................................................................................5

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)............................................................................................5, 6

*Companion Prop. & Cas. Ins. Co. v. Palermo*,
  723 F.3d 557 (5th Cir. 2013) .................................................................................5

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)........................................................................6, 13

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................................5, 8, 10

*Dontos v. Vendomation NZ Ltd.*,
  582 F. App'x 338 (5th Cir. 2014) (unpublished) (per curiam) .................................4

*Fourco Glass Co. v. Transmirra Products Corp.*,
  353 U.S. 222 (1957)...............................................................................................6

*Grober v. Mako Prods., Inc.*,
  686 F.3d 1335 (Fed. Cir. 2012).........................................................................5, 7

*IPVX Patent Holdings, Inc. v. Broadvox Holding Co., LLC*,
   No. 6:11-CV-575, 2012 WL 13012617 (E.D. Tex. Sept. 26, 2012) ........................................ 11

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ................................................................................................ 6

*LoganTree LP v. Garmin Int'l, Inc.*,
   No. SA–17–CA–0098–FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017) ................... 13, 14

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
   132 F.3d 49, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) (unpublished) .............................. 14

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) .......................................................................................... 6, 10

*N. Star Innovations, Inc. v. Toshiba Corp.*,
   No. 16-cv-115-LPS, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ........................................... 15

*New World Int'l, Inc. v. Ford Global Techs., LLC*,
   859 F.3d 1032 (Fed. Cir. 2017) ........................................................................................ 4, 5

*NovelAire Techs., LLC v. Munsters AB*,
   No. 13 Civ. 472(CM), 2013 WL 6182938 (S.D.N.Y. Nov. 21, 2013) .................................. 12

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) .................................................................................. 7, 9, 10, 11

*Personal Audio, LLC v. Google Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ................................................................................. 14

*Sefton v. Jew*,
   201 F. Supp. 2d 730 (W.D. Tex. 2001) ................................................................................ 11

*Special Indus., Inc. v. Zamil Grp. Holding Co.*,
   578 F. App'x 325 (5th Cir. 2014) ........................................................................................ 10

*Stuart v. Spademan*,
   772 F.2d 1185 (5th Cir. 1985) ............................................................................................... 7

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
   282 F. Supp. 3d 916 (E.D. Va. 2017) .................................................................................. 14

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   137 S. Ct. 1514 (2017) ........................................................................................... 1, 6, 12

*Williams v. Portfolio Recovery Assocs., LLC*,
   No. 3:11-CV-2421-B, 2012 WL 5986426 (N.D. Tex. Nov. 29, 2012) .............................. 9, 10

**Statutes**

28 U.S.C. § 1400(b) .................................................................................. *passim*

35 U.S.C. § 271(a) ...................................................................................2, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)...........................................................................1, 4, 16

Fed. R. Civ. P. 12(b)(3)...........................................................................1, 6, 16

Fed. R. Civ. P. 12(b)(6).......................................................................1, 6, 15, 16

Fed. R. Civ. P. 8 ...........................................................................................6

14D Wright & Miller, *Federal Practice & Procedure*, § 3823 ...................................13

## TABLE OF ABBREVIATIONS

| Abbreviation | Definition |
| --- | --- |
| DNC | DISH Network Corporation |
| FAC | Contemporary Display LLC's First Amended Complaint (Dkt. No. 15) |
| Complaint | Contemporary Display LLC's Complaint (Dkt. No. 1) |
| Gelston Decl. | Declaration of Kevin Gelston In Support of DISH Network Corporation's Motion to Dismiss |
| Davis Decl. | Declaration of Britton Davis In Support of DISH Network Corporation's Motion to Dismiss |

Defendant DISH Network Corporation ("DNC") submits this Motion to Dismiss Plaintiff Contemporary Display LLC's First Amended Complaint ("FAC") for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400, and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]

## I.    INTRODUCTION

DNC is a public holding company organized under the laws of Nevada and with a principal place of business in Colorado. It does not make, use, offer to sell, sell, or import any products. It is not headquartered, incorporated, or otherwise located in Texas. The FAC contains no factual basis to plausibly support the allegations that DNC is subject to personal jurisdiction in this Court, that venue is proper in this District, or that DNC committed any act of infringement at all. Nor could it.

*First*, this Court does not have personal jurisdiction over DNC. Notably absent from the FAC are any facts supporting that DNC, a holding company incorporated in Nevada and headquartered in Colorado, has a single contact with Texas. Because DNC indisputably does not have sufficient minimum contacts with Texas, there is no personal jurisdiction here.

*Second*, venue is not proper in this District. Venue in a patent case is proper only if the defendant (i) is incorporated ("resides") in the district, or (ii) has committed an act of infringement in the district and has a "regular and established place of business" there. 28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517, 1518–19 (2017). The FAC recognizes that DNC does not reside in this District and

---

[1] To the extent that the Court does not dismiss Plaintiff's claims against DISH Network Corporation in their entirety, DISH Network Corporation incorporates by reference Defendant DISH Network L.L.C.'s Partial Motion to Dismiss Plaintiff's Claims of Induced and Contributory Infringement of U.S. Patents 6,429,903 and 6,492,997, filed coextensively with this motion.

contains no allegation that DNC has any place of business here—much less one that is sufficiently regular and established for proper venue.

**Finally**, even if jurisdiction and venue were proper—which they are not—the FAC fails to state a claim against DNC upon which relief can be granted. To adequately state a claim for patent infringement, Contemporary Display must allege facts supporting that DNC "makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). The FAC contains no such allegation because DNC is a holding company, and does not engage in any of these acts. DNC publicly disclosed this in numerous court filings[2] and explained this to plaintiff's counsel. Yet, even though on notice that DNC is a holding company, plaintiff still maintained its infringement claims but failed to plead any facts sufficient to support infringement by DNC. Thus, the FAC does not—and cannot—state the requisite "claim to relief that is plausible on its face" against DNC, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), so Contemporary Display's allegations against DNC should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

### A.   Contemporary Display's First Amended Complaint

Contemporary Display first filed a Complaint alleging patent infringement against DNC on June 4, 2018. (Dkt. No. 1.) After DNC notified Contemporary Display that it had sued the wrong entity because DNC is a holding company that does not make, use, sell, offer for sale, or import any of the allegedly infringing products, Contemporary Display filed its FAC. (Dkt. No.

---

[2] *See, e.g.*, *Realtime Data L.L.C. d/b/a/ IXO v. DISH Network Corp. et al.*, 6:17-cv-00421-RWS, ECF No. 9-1 (E.D. Tex. Aug. 17, 2017); *Qurio Hldgs., Inc. v. DISH Network Corp.*, No. 15-cv-00930-HSG, at ECF No. 44 (N.D. Cal. April 3, 2015); *DISH Network L.L.C. v. Am. Broadcasting Cos.*, No. 1:12-cv-04155-LTS, at ECF No. 2 (May 29, 2012). Additionally, prior to Plaintiff filing its FAC, counsel for DNC explained that DNC is a holding company that doesn't engage in any activities that could be alleged to infringe.

15 ("FAC").)  Rather than remove DNC, however, Contemporary Display simply added DNC's operating subsidiary, DISH Network L.L.C.  (FAC ¶ 3.)

The FAC alleges DNC and DISH Network L.L.C. infringe five patents: U.S. Patent Nos. 6,028,643 ("the '643 patent"); 6,429,903 ("the '903 patent"); 6,492,997 ("the '997 patent"); 7,500,202 ("the '202 patent"); and 7,809,842 ("the '842 patent") (collectively "the patents-in-suit").  (FAC ¶¶ 7-128.)  The FAC identifies three products that "Defendants" allegedly use, offer for sale, sell, make and/or distribute.  (*Id.* ¶¶ 24, 27, 47, 50, 51, 72, 75, 76, 97, 100, 101, 122, 125, 126.)  Contemporary Display did not provide any support for its allegations that DNC engaged in any of these activities, even after DNC notified them that DNC is only a holding company and has no operations or activities.  (*See id.*)

Regarding jurisdiction, the FAC generically alleges that the "Defendants," collectively, have "substantial business in the forum," "regularly do[] or solicit[] business, engag[e] in other persistent courses of conduct, or deriv[e]  substantial revenue from goods and services provided to individuals in Texas and in this district," and sell "products or services within Texas and the Western District of Texas."  (*Id.* ¶ 6.)  These are mere legal conclusions.  The FAC does not identify any DNC products, goods, services, or revenue in or from Texas, including this District.  (*See id.*)

For venue, the FAC identifies three properties in the District and alleges "Defendants" maintain each as a "regular and established physical place of business."  (*Id.* ¶ 5.)  Contemporary Display then conclusively alleges "on information and belief . . . Defendants have committed acts of infringement at issue in this case," (*id.*) despite DNC's prior explanation that it is a holding company that does not perform any of the alleged activities.

3

### B.  DISH Network Corporation

DNC is a publicly-traded corporation.  (Gelston Decl. ¶ 3.)  DNC is a holding company that owns assets, including stock in other corporations.  (*Id.*)  DNC does not have any operations, activities, or active business itself.  (*Id.* ¶¶ 3-17.)  As such, DNC does not make, use, sell, offer for sale, import, or market any products, nor does it provide any services.  (*Id.* ¶ 4.)  DNC has no employees.  (*Id.* ¶ 10.)

DNC has no connection to the State of Texas.  It is incorporated in Nevada with its principal place of business in Colorado.  (*Id.* ¶ 3; FAC ¶ 2.)  It does not own or lease any real property in Texas—including any of the properties identified in Contemporary Display's FAC. (Gelston Decl. ¶¶ 5-8.)  DNC has no employees or independent contractors in Texas.  (*Id.* ¶ 10.) None of DNC's officers or directors are located in Texas.  (*Id.*)  Although DNC has a Texas Taxpayer Number, it is not registered to do business in the state, and it files super-combined tax returns in Texas that include all of the tax liabilities of its subsidiaries, based only on the respective tax liabilities of those subsidiaries.  (*Id.* ¶¶ 9, 17.)  DNC has no registered agent in Texas.  (*Id.* ¶ 9.)

## III.  LEGAL STANDARDS

### A.  Lack of Personal Jurisdiction Under Rule 12(b)(2)

The plaintiff has the burden of demonstrating specific jurisdiction for each claim asserted against the nonresident defendant. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014) (unpublished) (per curiam).  To do so here, Contemporary Display must show: (1) the long-arm statute of Texas confers personal jurisdiction over DNC; and (2) the exercise of personal jurisdiction comports with due process.  *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017).  The Texas long-arm statute reaches the bounds of due process, and therefore, the jurisdictional inquiry collapses into whether exercising

jurisdiction over DNC meets the requirements of due process. *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) ("Because Texas's long-arm statute extends to the limits of federal constitutional due process, only one inquiry is required.").

There are two types of personal jurisdiction: general and specific. *BristolMyers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). General personal jurisdiction is only present when a plaintiff can show the defendant's connection to a forum is "so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For corporations like DNC, the place of incorporation and principal place of business are the "paradig[m] . . . bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (there is "limited set of affiliations with a forum" by which plaintiff may show general personal jurisdiction).

"Specific [personal] jurisdiction . . . must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citation omitted). To establish minimum contacts over a nonresident, the plaintiff must show that the defendant "has purposefully directed his activities at residents in the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted). The Federal Circuit has articulated those requirements in the form of a three-part test: (1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities in the forum state; and (3) whether assertion of personal jurisdiction is reasonable and fair. *New World Int'l, Inc.*, 859 F.3d at 1037. Even if

those minimum contacts are sufficient, the defendant may point to other factors "to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476. "The plaintiff has the burden to make a prima facie showing that personal jurisdiction is proper." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

### B.    Improper Venue Under Rule 12(b)(3)

Proper venue in a civil action for patent infringement is exclusively controlled by 28 U.S.C. § 1400(b). *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957). Section 1400(b) allows a suit to be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court unequivocally held that for purposes of section 1400(b), domestic corporations reside only in their State of incorporation. *TC Heartland*, 137 S. Ct. at 1521. To meet the second prong of the venue statute, the plaintiff must establish defendant has committed alleged acts of infringement in the district and: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### C.    Failure to State a Claim Under Rule 12(b)(6)

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Although Fed. R. Civ. P. 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than

unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion [s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. Rather, for each claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679.

## IV.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over DNC

The plaintiff bears the burden of showing personal jurisdiction. *Grober*, 686 F.3d at 1356. Although Contemporary Display's jurisdictional allegations must be accepted as true, it's conclusory allegations of general and specific jurisdiction (FAC ¶ 6) are insufficient to establish the requisite *prima facie* case. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (noting courts are not required to "credit conclusory allegations, even if uncontroverted"). Instead, Contemporary Display is required to allege facts showing nonresident DNC resides in, or has sufficient minimum contacts with, Texas. *See id.* at 868 (citing *Burger King*, 471 U.S. at 474). Contemporary Display has failed to meet its burden. (*See* FAC ¶ 6.) Moreover, as shown in the attached evidence and affidavits, Contemporary Display **cannot** meet its burden, because DNC does not have any contacts with Texas that would be sufficient for personal jurisdiction, and exercising jurisdiction here would be unreasonable. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (observing even at the motion to dismiss stage, facts established through affidavits can determine the jurisdictional issue).

**1.    The exercise of general personal jurisdiction over DNC would violate due process**

The purpose of general personal jurisdiction is to clearly indicate "one place" that is "easily ascertainable" where a plaintiff would have "at least one clear and certain forum in which [DNC] may be sued on any and all claims." *Daimler*, 134 S. Ct. at 760. Those "easily ascertainable" places are "the place of incorporation and principal place of business." *Id.* Here, Texas is neither DNC's place of incorporation or its principal place of business (Gelston Decl. ¶¶ 3; FAC ¶ 2), so general personal jurisdiction over it is not "easily ascertainable." *See Daimler*, 134 S. Ct. at 760.

Thus, general personal jurisdiction is appropriate only if Contemporary Display established DNC's affiliations with Texas are so constant and pervasive "as to render [DNC] essentially at home" in Texas. *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires*, 564 U.S. at 919). Contemporary Display has not established DNC has any connection to this forum, much less one that is "constant and pervasive." Contemporary Display's only allegations regarding general jurisdiction are the conclusory statements that DNC:

- "regularly [does] or solicit[s] business" in Texas;

- "engag[s] in other persistent courses of conduct" in Texas; and

- "deriv[s] substantial revenue from goods and services provided to persons or entities" in Texas.

(FAC ¶ 6.) These allegations are both insufficient to establish general personal jurisdiction over DNC and are factually unsupported and untrue.

*First*, conclusory statements present no factual basis or evidence regarding DNC's contacts with Texas. (FAC ¶ 6.) Contemporary Display does not identify what DNC does to solicit business in Texas, what "other persistent courses of conduct" DNC engaged in here, or what goods and services deliver substantial revenue to DNC. (*Id.*) The one specific fact

alleged—that DNC has a Texas taxpayer number—is insufficient to establish jurisdiction. *Williams v. Portfolio Recovery Assocs., LLC*, No. 3:11-CV-2421-B, 2012 WL 5986426, at *3 (N.D. Tex. Nov. 29, 2012). Lacking any evidence for its allegations, Contemporary Display has failed to establish even a *prima facie* case of personal jurisdiction. *Panda Brandywine*, 253 F.3d at 868-69 (affirming district court's findings that jurisdiction allegations that "[defendant] knew [plaintiffs] are Texas residents and knew its actions would intentionally cause harm to [plaintiffs] in Texas," with no evidence of defendant's contacts in Texas, were conclusory and not entitled to presumption of truth).

   *Second*, the jurisdiction allegations regarding DNC are false:

- DNC does not solicit business in this forum because DNC is a holding company with no business operations or activities in Texas. (Gelston Decl. ¶¶ 3-4, 11-16.)

- DNC is a Colorado-based holding company incorporated in Nevada; it's only "course of conduct" is to possess shares of other companies. (*Id.* ¶ 3-4.)

- As a holding company, DNC does not receive any revenue from goods or services, including in Texas. (*Id.* ¶ 3-4, 11-17.)

Contemporary Display cannot absolve itself of establishing jurisdiction over DNC simply by aggregating DNC with DISH Network L.L.C. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000). DNC is a distinct entity from any of its operational subsidiaries. (Gelston Decl. ¶¶ 2, 18.) Absent clear evidence that activities of another entity can be legally attributed to DNC—facts Contemporary Display does not allege, much less show evidence for— there is no reason to impute business operations, conduct, or revenues from DNC's subsidiaries to DNC to establish personal jurisdiction. *See Alpine View Co.*, 205 F.3d at 218 ("[Plaintiffs] must make a *prima facie* showing that [the holding company] so controls other organizations that the activities of those organizations may be fairly attributed to [the holding company] for

purposes of asserting jurisdiction over it."); *Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 332 (5th Cir. 2014) (to find jurisdiction over parent based on the subsidiary's contacts "[t]he relationship between the subsidiary and parent must be such that they are in reality the same corporation").

Similarly, although DNC has a Texas taxpayer number, DNC does not have a File Number with the Secretary of State, and does not have a Registered Agent in Texas.  (Gelston Decl. ¶¶ 9, 17.)  Simply having a taxpayer number with the state is not sufficient to establish the minimum contacts required for personal jurisdiction, particularly where DNC only files super-combined returns with its subsidiaries.  *See Williams*, 2012 WL 5986426, at *3.

Neither Contemporary Display's allegations nor the facts establish that DNC is "essentially at home" in Texas, nor provide a basis to conclude that DNC has constant and pervasive contacts here.  General personal jurisdiction is therefore improper. *See Daimler*, 134 S. Ct. at 760; *Monkton Ins. Servs., Ltd*., *v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2015).

### 2. Exercising specific personal jurisdiction over DNC would be manifestly unreasonable.

Contemporary Display also fails to establish specific personal jurisdiction over DNC, alleging only conclusory statements that DNC conducts "business related to infringing acts," "used the patented inventions," and "derived revenues from [the] infringing acts."  (FAC ¶ 6.)  But these allegations are merely conclusory and unsupported by any facts that plausibly show DNC has purposefully availed itself of the privilege of conducting activities in Texas.  *See id.*; *cf. Panda Brandywine*, 253 F.3d at 869.  For example, Contemporary Display does not identify any facts or supporting evidence showing how DNC has "used the patented inventions" in Texas, what "products or services" it has sold in Texas, or what  "purposeful acts or transactions" it has made in Texas.  (*See* FAC ¶ 6.)  Its mere "formulaic recitation" of the requirement for personal

jurisdiction is insufficient.  *See Twombly*, 550 U.S. at 555; *Panda Brandywine*, 253 F.3d. at 868-69.

What is more, Contemporary Display ***couldn't*** allege facts to establish personal jurisdiction because DNC—a holding company with no operations—does not conduct any operations that would constitute infringement.  As DNC explained prior to Contemporary Display filing the FAC, DNC does not make, use, offer to sell, sell, or import ***any products, anywhere***.  (Gelston Decl. ¶ 4.)  Accordingly, it does not make, use, offer to sell, sell, or import in Texas.  (*Id.*)

And again, Contemporary Display cannot compensate for the lack of personal jurisdiction over DNC by generically alleging specific personal jurisdiction over "Defendants" collectively. *See Associated Energy Grp., LLC v. Air Cargo Germany GMBH*, 24 F. Supp. 3d 602, 607 (S.D. Tex. 2014) ("a foreign corporation will not be subject to general jurisdiction simply by virtue of having an in-state subsidiary or affiliate. In order for a court to exercise general jurisdiction, 'that corporation itself, not its managing agent or subsidiary or affiliate, must be 'at home' in the forum state.'") (quoting *Daimler*, 134 S. Ct. 746); *IPVX Patent Holdings, Inc. v. Broadvox Holding Co., LLC*, No. 6:11-CV-575, 2012 WL 13012617, at *3 (E.D. Tex. Sept. 26, 2012) ("In the Fifth Circuit, it is presumed that a subsidiary, even one which is wholly-owned, is independent of its parent for the purposes of personal jurisdiction.") (citing *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (allegations that "Defendants, collectively, infringed Plaintiff's works" with no facts demonstrating individual defendant infringed were insufficient to meet burden to show personal jurisdiction).  Rather, Contemporary Display must establish that DNC itself has purposefully directed allegedly infringing activity in Texas, not a DNC subsidiary or affiliate.

*See Associated Energy Grp.*, 24 F. Supp. 3d at 608.    The generic allegations against "Defendants" cannot establish jurisdiction over DNC.

Even if Contemporary Display could establish a *prima facie* case of specific personal jurisdiction over DNC—which it has not—the FAC should be dismissed because exercising personal jurisdiction would be unreasonable given the burden on DNC, an alien defendant, the slight interests of plaintiff and Texas, and the suit's lack of merit.    *See Asahi Metal Indust. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114-16 (1987).    It would be a burden on DNC, a Nevada company with no offices, employees, or property in Texas, to defend itself in court in Texas. Further, Texas has little interest in adjudicating this suit because Contemporary Display is a newly-established non-practicing entity in this state, created for the purpose of asserting purchased patents, and because DNC does not conduct any activity in the state.    (Ex. 1.)[3]    And to the extent the state does have an interest, an actual operating company that engages in commercial activities is a defendant.    In light of these factors, it would be unreasonable and unfair to subject DNC to personal jurisdiction in Texas. *See, e.g.*, *NovelAire Techs., LLC v. Munsters AB*, No. 13 Civ. 472(CM), 2013 WL 6182938, at *12 (S.D.N.Y. Nov. 21, 2013); *Intercarrier Commc'ns, LLC v. WhatsApp,* Inc., No. 3:12-cv-776-JAG, 2013 WL 5230631, at *5-6 (E.D. Va. Sept. 13, 2013).

### B.    Venue Is Improper in this District

#### 1.    DNC does not reside in this District

"[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517.    DNC is incorporated in Nevada  (FAC ¶ 2), therefore does not "reside" in the Western District of Texas.

---

[3] Exhibit 1 is attached to the Declaration of Britton Davis, attached in support of this motion.

## 2. DNC does not commit acts of infringement or have a regular and established place of business in this District

As explained above, DNC is a publicly traded holding company; it does not do any business by itself. (Gelston Decl. ¶ 3.) DNC does not make, use, offer to sell, sell, or import ***any products, anywhere***. (*Id.*) Thus, DNC has not committed any alleged infringement in Texas.

Nor does DNC meet any of the three requirements of the Federal Circuit's test for "regular and established place of business." *See In re Cray*, 871 F.3d at 1362–1364.

***First***, DNC does not have a "fixed physical location in the district," which is a "prerequisite to proper venue." *Id.* at 1362. DNC does not own or lease any property in Texas. (Gelston Decl. ¶¶ 5-8.) The locations identified in the complaint are leased, owned, or operated by other entities. (*See id.*) "[C]ourts ordinarily will not treat the place of business of one corporation as the place of business of the other," 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 3823, at 148–49 (4th ed.). For this reason alone, venue is improper. *See e.g.*, *LoganTree LP v. Garmin Int'l, Inc.*, No. SA–17–CA–0098–FB, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) (dismissing for lack of venue under § 1400(b) despite defendant's allegedly infringing sales in Texas because defendant did not have a physical location in Texas); *Realtime Data LLC v. Acronis, Inc.*, No. 6:17-CV-118 RWS-JDL, 2017 WL 3276385, at *1 (E.D. Tex. July 14, 2017) (dismissing complaint for improper venue under § 1400(b) in part because defendant "d[id] not own, lease, or rent any office space in Texas"), *report and recommendation adopted*, No. 6:17-CV-118 RWS-JDL, 2017 WL 3267942 (E.D. Tex. Aug. 1, 2017).

***Second***, Contemporary Display cannot show that DNC has a regular and established place of business in this district because DNC has no offices, rental property, or real estate in the District and has no employees who reside in or regularly work in the District. (Gelston Decl. ¶¶

5-8.)  Instead, Contemporary Display relies on unsupported conclusory allegations; it provides no facts showing DNC has upheld any physical location in this District as a place of regular business for DNC.  (*See* FAC ¶ 6.)  With no support that DNC has "a permanent and continuous presence which shows a regular and established place of business in the Western District of Texas . . . venue is not proper . . . ."  *LoganTree LP*, 2017 WL 2842870, at *2.

**Finally**, no location in this District is "of" DNC.  The three locations identified in the FAC are not owned or operated by DNC.  (*See* Gelston Decl. ¶¶ 5-8.)  Contemporary Display does not identify any other location "of" DNC, and its conclusory allegations that DNC "maintain[s] regular and established physical places of business within this judicial district," (FAC ¶ 5) "misconstrues the reality of [DNC's] structure" and "ignores the distance between" DNC and the separate entities with operations in this District.  *See Personal Audio, LLC v. Google Inc.*, 280 F. Supp. 3d 922, 935 (E.D. Tex. 2017).

Conflating two defendants—DNC and DISH Network L.L.C.—does not establish venue. (*See* FAC ¶ 5).  Venue under Section 1400(b) must be established for **each** defendant **independently**.  *Magnacoustics, Inc. v. Resonance Tech. Co*., 132 F.3d 49 (Table), No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997) (unpublished) ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.").  Venue therefore cannot be imputed to DNC based on alleged "regular and established place of business" of DISH Network L.L.C.  *Board of Regents, The U. of Tex. Sys. et al. v. Medtronic, PLC, et al.*, No. 1:17-cv-00942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018) (finding subsidiary's building was not a regular and establish place of business of parent corporation even where a sign with the defendant's name was on the building); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 932-33 (E.D. Va.

2017) (declining to impute the physical presence of a subsidiary in the forum state onto the parent to establish venue under § 1400(b)).

### C.    The Complaint Fails to State a Claim for Infringement Against DNC

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiffs were required to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim of direct patent infringement requires a showing that DNC "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention . . . ." 35 U.S.C. § 271(a).  Contemporary Display's FAC fails to do so.

The FAC does not link DNC to any specific act of infringing conduct.  *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-cv-115-LPS, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016).  Contemporary Display failed to identify which entity is responsible for any particular alleged infringing activity, and instead simply refers to the DNC entities as "Defendants" in each of the counts of infringement.  (FAC ¶¶ 4-128.)  None of the five counts in the FAC states any particular fact about either of the Defendants.  (*Id.*)  Instead, Contemporary Display relies on conclusory statements that "Defendants have infringed, and continue to infringe" each asserted patent "by making, using offering for sale, selling, or importing" the accused devices.  (*E.g. id.* ¶¶ 24, 50, 75, 100, 125.)  Contemporary Display's FAC is identical to the insufficient FAC in *North Star*: the FAC does not allege DNC "takes part in any specific infringing act"; it "vaguely" alleges "Defendants" commit one or another of the relevant possible acts; and it has no factual allegations "about the nature of Defendants' business, nor their activities." *See N. Star*, 2016 WL 7107230, at *2 (emphasis in original).  The FAC is therefore insufficient to state a claim.  *Id.*

Furthermore, as a holding company, DNC does not make, use, offer to sell, sell, or import any products.  (Gelston Decl. ¶ 3-4.)  DISH Network L.L.C. engages in commercial operations,

not DNC.  Despite this, Contemporary Display maintained its claims against DNC, improperly

aggregating the entities together as "Defendants."  But Contemporary Display fails to allege—

much less identify facts showing—that DNC and DISH Network L.L.C. are not separate entities.

The FAC alleges no facts regarding Defendants corporate structure or relationship at all, much

less facts sufficient to plausibly show DNC should be held legally responsible for DISH Network

L.L.C.'s commercial activities.  *Cf. Borehole Seismic, LLC v. International Oil & Gas Tech.*

*Ltd.*, No. H-1S-0613, 2015 WL 4979638, at *8 (S.D. Tex. Aug. 19, 2015) (distinct corporations

are presumed to be separate entities under Texas law).  Accordingly, the allegations against DNC

should be dismissed with prejudice.

## V.      CONCLUSION

DNC is a Nevada corporation with its principal place of business in Colorado.  It does not

have any facilities or employees in this District.  It does not make, use, offer to sell, sell, or

import any products.  It is an entity distinct from defendant DISH Network L.L.C.  The

allegations of the FAC are legally insufficient.  Plaintiff Contemporary Display LLC's First

Amended Complaint should be dismissed with prejudice for lack of personal jurisdiction under

Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400,

and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

* * *

Dated: September 7, 2018                    Respectfully submitted,

                                            KING & SPALDING LLP

                                            /s/ *Thomas J. Friel*
                                            Thomas J. Friel, Jr. *(pro hac vice)*
                                            KING & SPALDING LLP
                                            601 California Street, Suite 100
                                            Palo Alto, CA 94304
                                            Telephone:     (650) 422-6741
                                            Facsimile:      (650) 422-6800
                                            tfriel@kslaw.com

                                            Jeffrey D. Mills
                                            State Bar No. 24034203
                                            500 W. 2nd Street, Suite 1800
                                            Austin, TX 78701
                                            Telephone:     512.457.2027
                                            jmills@kslaw.com

                                            Britton F. Davis *(pro hac vice)*
                                            KING & SPALDING LLP
                                            1515 Wynkoop Street, Suite 800
                                            Denver, CO  80202
                                            Telephone:     (720) 535-2310
                                            Facsimile:      (720) 353-2400
                                            bfdavis@kslaw.com

                                            *Attorneys for Defendants DISH Network*
                                            *Corporation and DISH Network L.L.C.*

## **CERTIFICATE OF SERVICE**

I certify that on September 7, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I caused a copy of this document to be mailed by first-class mail to all non-CM/ECF participants.

/s/ *Thomas J. Friel*
Thomas J. Friel