UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CONTEMPORARY DISPLAY LLC<br><br>  Plaintiff<br><br>v.<br><br>DISH NETWORK CORPORATION and DISH NETWORK L.L.C.<br><br>  Defendants | Civil Action No. 1:18-cv-476<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**DEFENDANT DISH NETWORK L.L.C.'S MOTION TO DISMISS PLAINTIFF CONTEMPORARY DISPLAY, LLC'S CLAIMS OF INDUCED AND CONTRIBUTORY <u>INFRINGEMENT OF U.S. PATENTS 6,429,903 AND 6,492,997</u>**

# TABLE OF CONTENTS

**Pages**

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

III. LEGAL STANDARDS ..... 2

A. Standard of Review for Motions to Dismiss ..... 2

B. Patents Cannot Be Infringed After Expiration ..... 3

C. Induced Infringement ..... 3

D. Contributory Infringement ..... 4

IV. ARGUMENT ..... 4

A. The ’903 and ’997 patents expired before the Complaint was filed and served ..... 4

1. The ’903 patent expired September 3, 2017. ..... 4

2. The ’997 patent expired February 4, 2018. ..... 5

B. Contemporary Display’s inducement and contributory infringement claims cannot stand because they are based on alleged conduct after the patents expired. ..... 5

V. CONCLUSION ..... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3, 4

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
    No. 6:15-CV-00091, 2015 WL 12868183 (W.D. Tex. June 24, 2015) .....................2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................2, 3, 4

*In re Bill of Lading Transmission and Processing System Patent Lit.*,
    681 F.3d 1323 (Fed. Cir. 2012)..............................................................................3, 4, 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)............................................................................................3, 4

*Gilead Scis., Inc. v. Natco Pharma Ltd.*,
    753 F. 3d 1208 (Fed. Cir. 2014).................................................................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)............................................................................................3, 4

*In re Katrina Canal Breaches Litig.*,
    495 F.3d 191 (5th Cir. 2007) .....................................................................................2

*Kimble v. Marvel Entm't, LLC*,
    135 S. Ct. 2401 (2015.)........................................................................................1, 3, 4, 6

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) .....................................................................................2

*Mallinckrodt, Inc. v. E-Z-Em, Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009)...........................................................................5

**Statutes**

35 U.S.C. § 120................................................................................................................4, 5

35 U.S.C. § 154................................................................................................................3, 4

35 U.S.C. § 271................................................................................................................3, 4

Defendant DISH Network L.L.C. ("DISH") submits this Partial Motion to Dismiss Plaintiff Contemporary Display LLC's allegations of inducement and contributory infringement of U.S. Patents 6,429,903 (the "'903 patent") and 6,492,997 (the "'997 patent").

## I.   INTRODUCTION

Contemporary Display's inducement and contributory infringement allegations fail to state a claim and should be dismissed. Contemporary Display does not allege pre-suit inducement or contributory infringement. Rather, its claims rest entirely on alleged conduct *after* Contemporary Display filed its Complaint. (*E.g.* Dkt. No. 1 ¶¶ 49-51, and 74-76.) But two of the asserted patents, the '903 patent and the '997 patent, had already expired before the Complaint was filed. There is no liability for inducing or contributory infringement after a patent expires. *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2407 (2015.) Consequently, Contemporary Display cannot legally claim that defendants induced or contributed to infringement of these patents because the alleged conduct occurred *after* the patents *expired*. These baseless claims should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

Contemporary Display alleges direct infringement of five patents: U.S. Patent Nos. 6,028,643 ("the '643 patent"); 6,429,903 ("the '903 patent"); 6,492,997 ("the '997 patent"); 7,500,202 ("the '202 patent"); and 7,809,842 ("the '842 patent") (collectively "the patents-in-suit"). (Dkt. No. 15 ¶¶ 7-128.) The First Amended Complaint ("FAC") alleges that "[b]y the time of trial DISH will have known and intended [since receiving the Complaint] that its continued actions would actively induce and contribute to the infringement of at least one claim" of the '903, '997, '202, and '842 patents. (*Id.* ¶¶ 51-52, 76-77, 101-102, 126-127.) Contemporary

1

Display alleges that DISH[1] only knew of the patents *after service of the Complaint* filed on June 4, 2018—not any time before. (*Id.*) While both the original and amended complaints fail to acknowledge that the '903 and '997 patents expired before the Complaint was filed, this can be ascertained from the face of the patents, exhibits to the pleadings, and the Court may take judicial notice of these facts. (Dkt. No. 1-3 (Ex. 3, '903 patent); 1-5 (Ex. 5, '997 patent).)

### III.   LEGAL STANDARDS

#### A.   Standard of Review for Motions to Dismiss

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). When deciding a motion to dismiss, the Court may "consider documents attached to or incorporated into the complaint and matters of which judicial notice may be taken." *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-CV-00091, 2015 WL 12868183, at *2 (W.D. Tex. June 24, 2015), *adopted*, 2015 WL 11004538 (W.D. Tex. July 15, 2015); *see also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Although Rule 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 557 (2007). Rather, for each claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

---

[1] The FAC uses "DISH" to refer to both defendants.

*Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

      **B.**      **Patents Cannot Be Infringed After Expiration**

A patent owner enjoys a monopoly over the claimed invention only for a set period of time. 35 U.S.C. § 154(a)(2). After expiration, the monopoly ceases, the patent becomes public property, and there is no liability for using the claimed inventions. *Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1212 (Fed. Cir. 2014) (citing *Singer Mfg. Co. v. June Mfg. Co.*, 163 U.S. 169, 185 (1896)). Both induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c) require "an underlying act of direct infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Thus, there can be no infringement—direct or indirect—of an expired patent. *Kimble*, 135 S. Ct. at 2405, 2407.

      **C.**      **Induced Infringement**

Section 271(b) of the Patent Statute provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Inducement claims are strictly evaluated by the standard of *Twombly* and *Iqbal*. *In re Bill of Lading*, 681 F.3d at 1337. Liability under section 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). A complaint must plead facts that plausibly show that the defendant had *specific intent* to cause another's direct infringement and *knew* that the other party's acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1339. This requires the patent owner to sufficiently allege both infringement and knowledge, i.e. that the alleged infringer knew—at the time of infringement—

3

that the induced acts constituted patent infringement. *Id.* at 1333, 1339; *see also Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1927-28 (2015).

### D. Contributory Infringement

Contributory infringement claims are strictly evaluated under the standard of *Twombly* and *Iqbal*. *In re Bill of Lading*, 681 F.3d at 1337. Section 271(c) of the Patent Statute defines contributory infringement and requires a plaintiff to sufficiently allege that: (1) the defendant supplies a component that is a "material part" of a patented invention; (2) the defendant **knows** that the component is "especially made or especially adapted for use in an infringement"; (3) the component is "not a staple article or commodity . . . suitable for substantial noninfringing use"; and (4) the component is ultimately used in a direct infringement of the patent. 35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d at 1337. Thus, as with induced infringement, a claim for contributory infringement must contain allegations of direct infringement and knowledge of the patent-in-suit *at the time* of infringement. *Global–Tech Appliances*, 131 S. Ct. at 2068.

## IV. ARGUMENT

### A. The '903 and '997 patents expired before the Complaint was filed and served

Patents are granted for a set term ending 20 years from the earliest effective filing date. 35 U.S.C. § 154(a)(2).; *see also Kimble*, 135 S. Ct. at 2407. Both the '903 and '997 patents expired before Contemporary Display filed and served its Complaint.

#### 1. The '903 patent expired September 3, 2017.

As shown below, the '903 patent claims priority to two earlier applications under 35 U.S.C. § 120:

```
(22) Filed:     Jul. 18, 2000
            Related U.S. Application Data
(63) Continuation-in-part of application No. 09/479,129, filed on
     Jan. 7, 2000, now Pat. No. 6,100,936, which is a continua-
     tion of application No. 08/922,614, filed on Sep. 3, 1997,
     now Pat. No. 6,028,643.
(51) Int. Cl.7 ........................... H04N 7/00; H04N 5/445
(52) U.S. Cl. ..................... 348/552; 348/569; 348/553
(58) Field of Search ............................... 348/552, 553,
                     348/555, 563, 569; H04N 5/445, 7/00
```

(Dkt. No. 1-3 ('903 patent) (highlights added).) The earliest application was filed on September 3, 1997. (*Id.*) September 3, 1997 is therefore the earliest effective filing date, and the '903 patent expired 20 years after that date, on September 3, 2017.

### 2. The '997 patent expired February 4, 2018.

Similarly, the '997 patent claims priority to an earlier application:

```
(22) Filed:     Jun. 24, 1998
            Related U.S. Application Data
(63) Continuation-in-part of application No. 09/018,541, filed on
     Feb. 4, 1998.
(51) Int. Cl.7 ............................................. G06K 15/00
(52) U.S. Cl. ....................................... 345/721; 345/838
(58) Field of Search ................................. 345/838, 721,
                     345/720, 718, 790–792, 802, 806–807,
                            719, 726, 839, 845, 854; 709/230
```

(Dkt. No. 1-5 ('997 patent) (highlights added).) That earlier priority application was filed on February 4, 1998 (*id.*), so the '997 patent expired 20 years later, on February 4, 2018.

### B. Contemporary Display's inducement and contributory infringement claims cannot stand because they are based on alleged conduct after the patents expired

Contemporary Display was required to allege facts showing DISH had the requisite knowledge of the patents *at the time of* the alleged induced or contributory infringement. *In re Bill of Lading*, 681 F.3d at 1337, 1339; *Mallinckrodt, Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349,

5

355 (D. Del. 2009). Here, Contemporary Display's only allegations regarding DISH's knowledge of the patents are based on service of the Complaint. (*See* Dkt. No. 15 ¶¶ 52, 77, 102, 127 ("DISH will have been on notice . . . since, at the latest, the service of this Complaint upon it").) Contemporary Display does not allege or infer that DISH knew of the patents at any time prior to service of the Complaint. (*See id.*) Thus, Contemporary Display alleges that DISH had the requisite knowledge of the patents as of service, which was June 15, 2018 as to DISH Network Corp. and later for the other DISH entity. *See* Dkt. Nos. 14 and 17.

But the '903 and '997 patents expired even ***before*** Contemporary Display filed its Complaint. Thus there can be no post-suit infringement of these (now publically available) alleged inventions. *Kimble*, 135 S. Ct. 2405, 2407. As a result, Contemporary Display's allegations that DISH's post-suit actions—after the '903 and '997 patents expired—amount to inducement and contributory infringement have no factual or legal basis and should be dismissed.

## V.   CONCLUSION

Contemporary Display alleges only post-filing of suit induced and contributory infringement. The '903 and '997 patents expired before the suit was filed; their claims cannot be infringed post-suit as a matter of law. Contemporary Display's claims of post-filing induced and contributory infringement of the '903 and '997 patents, as stated in paragraphs 50-52 and 75-77 of the First Amended Complaint, should be dismissed.

<div style="display: flex; justify-content: space-between;">

Dated: September 7, 2018

Respectfully submitted,
KING & SPALDING LLP

/s/ *Thomas J. Friel*
Thomas J. Friel, Jr. *(pro hac vice)*
KING & SPALDING LLP
601 California Street, Suite 100
Palo Alto, CA 94304
Telephone:    (650) 422-6741
Facsimile:    (650) 422-6800
tfriel@kslaw.com

Jeffrey D. Mills
State Bar No. 24034203
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Telephone:    512.457.2027
jmills@kslaw.com

Britton F. Davis *(pro hac vice)*
KING & SPALDING LLP
1515 Wynkoop Street, Suite 800
Denver, CO 80202
Telephone:    (720) 535-2310
Facsimile:    (720) 353-2400
bfdavis@kslaw.com

*Attorneys for Defendants DISH Network Corporation and DISH Network L.L.C.*

</div>

## **CERTIFICATE OF SERVICE**

I certify that on September 7, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I caused a copy of this document to be mailed by first-class mail to all non-CM/ECF participants.

/s/ *Thomas J. Friel*
Thomas J. Friel